Chris Chertoff for Mr. Vuong. Go ahead, Mr. Chertoff. You may proceed. Are there any questions that the Court wishes me to address this morning? Apparently not. I would like to reserve some time for rebuttal. You can have up to nine minutes and 44 seconds as of this time. You've made an excellent argument, and we thank you for that. Mr. Betway, you want to proceed for the government, perhaps along the same line? Maybe. Could I reserve time for, sir, rebuttal? Well, I would do the same thing. I would just ask the panel if there are any questions. I don't think we do. We do thank the parties. I think this particular case has been pretty well briefed, and the issues are clear to us, I believe, unless you have any points that you wish to make. I don't think any panel members have expressed a desire to ask any questions, so it's up to you. Whatever you'd like. If you want to raise anything, please do. Otherwise, we thank you for your presentation. Well, Your Honor, I would just, in just 30 seconds, I would just point out that in case it comes up in the argument, that there is certainly a difference between what is a discretionary decision in this case and what's a factual determination and what's a legal issue. And that's all. I was prepared to sort out if that came up during the argument. Thank you, Your Honors. Thank you. Mr. Chateau, do you want to do any comment, any? Or are you all set? Very briefly, Your Honor. Please.  The first thing I think is the motion to reopen and the fact that it was dismissed with such a lack of analysis by the Board. Isn't that a discretionary decision, though, over which we have no jurisdiction? I would answer that question in the negative, Your Honor. I'd say no. I think the Board does have the power to issue a discretionary decision in this situation over which this Court would not. The Board has the decision or we have the jurisdiction to review the discretionary decision of the Board? Well, in this case, I think that the Board did not really issue a discretionary decision. The way they issued it, they made several statements that were very dismissive of the record and of the facts in the record. And I would submit to the Court that, for instance, saying that Mr. Long has failed to provide any evidence of extreme hardship to his wife or his family. You know what the difficulty you posed for yourself, and I don't want to belabor it. The government's already been up to rebut the argument that you made. And now you're making some new points, and the government's time has passed. They can't respond to new matters that you raise and rebuttal. You should have raised it if you wanted in your opening argument. I apologize, Your Honor. And I'm not being critical of you, but you can respond to anything he said. That's what your appropriate rebuttal will be. But you can't raise new matters because his time to respond to whatever you say has come and gone. Well, I believe these matters were addressed in the brief, so I'll rest on that. Yeah, if it's any comfort to you, the matters were addressed in the brief, and we are familiar with your points in the brief, and we've all read those, so if you're comfortable with what you have briefed and the government is comfortable with what is briefed, then justice will be done. We thank you very much for your presentation, and the case of Luong v. Ridge is submitted. The next case we'll hear is United States v. Eduardo Gutierrez Cruz. Thank you.
judges: Farris, Smith, Sandoval